PER CURIAM.
Appellant appeals from an adjudication of guilt and imposition of sentence following his plea of nolo contendere with reservation of the right to appeal the trial court’s denial of his motion to suppress. We affirm.
In Jacksonville, on June 5, 1981, at approximately ten o’clock in the evening appellant was seen driving erratically by a member of the Jacksonville sheriff’s office. After being stopped, appellant was given the standard field sobriety test which, in the opinion of the officer, he failed. A breathalyzer test yielded a reading of .04. Appellant was arrested for driving under the influence.
At the time of the arrest, appellant’s pick-up truck was parked in a bank parking lot. Because it posed no danger to traffic, the arresting officer gave appellant the option of signing a waiver form, locking the truck and leaving it where it was, or having the truck impounded by police.
While there is some dispute in the record, the trial court found that appellant refused to sign the waiver, saying that he had “valuables” in the truck. In addition, appellant expressed a desire not to have the truck impounded, because he did not want to pay the towing fee. Instead, appellant suggested that he be allowed to telephone or that the officer telephone some friends of appellant who lived “about five minutes away” from the scene of the arrest. This alternative was flatly rejected by the officer as being contrary to department policy. Because appellant continued to refuse to sign a waiver form, the officer decided to impound the truck. An inventory search was conducted and two bags of marijuana and approximately 10. quaalude tablets were discovered.
At trial, appellant moved to suppress the evidence seized during the inventory search *647 on the grounds that, because the alternative he presented was reasonable, it was unnecessary to impound the truck and the evidence was, therefore, illegally seized. The trial court denied appellant’s motion finding that the inventory search was conducted in good faith, that the impoundment was lawful, reasonable and necessary, and that appellant’s alternative to impoundment was not reasonable. The trial court was of the opinion that requiring an officer to call a vehicle owner’s friends to the scene of an arrest, and wait there until they arrived, placed an unreasonable burden on time and manpower of the police and would unnecessarily delay booking and processing of the individual arrested.
If the owner or possessor of a vehicle is reasonably available and presents a reasonable alternative to the impoundment of his vehicle, it ceases to be necessary to impound it, and police may not do so. Miller v. State, 403 So.2d 1307 (Fla.1981). The question then is whether the trial court erred in holding the alternative presented by appellant was unreasonable. We think the court was correct for two reasons. First, we agree that the alternative suggested by appellant would place an unreasonable burden on police time. Appellant could have accomplished his purpose by signing the waiver form and making his telephone call from the police station. His refusal to sign the waiver form gave the officer the option of remaining at the scene of the arrest until such time as appellant’s friends arrived, regardless of how long that took. As the trial court suggested, this would have the effect of delaying processing of the individual arrested, and preventing the officer from making his services available elsewhere should they be needed.
We also think that requiring an officer to call strangers to the scene of an arrest, and to wait there until they arrive, puts thé lone officer at unnecessary risk.
To hold otherwise would require us to, in effect, adopt a per se rule requiring an arresting officer in every case to summon an acquaintance of the arrestee and wait for his arrival on the scene to take possession of the vehicle. This we decline to do.
AFFIRMED.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.